IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES EDWARD LANE, JR.,

    Petitioner,

    v.                                        CASE NO. 17-3040-JWL

N.C. ENGLISH, Warden,
USP-Leavenworth,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth ("USPL"), proceeds *pro se*. Petitioner challenges the calculation of his federal sentence. The Court issued an Order to Show Cause (Doc. 3), Respondent filed an Answer and Return (Doc. 6), Petitioner filed a Traverse (Doc. 7), and the matter is ready for resolution. The Court finds that Petitioner does not allege facts establishing a federal constitutional violation and denies relief.

## I. Background

Petitioner is incarcerated with the Federal Bureau of Prisons ("BOP") at USPL. Petitioner was sentenced in the Southern District of Iowa on October 27, 2006, and is currently serving a 262 month term of imprisonment for Conspiracy to Distribute Crack Cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Doc. 6–1, at 2.) Petitioner has a projected release date of February 2, 2015, via good conduct time release. *Id*. at 10.

## II. Facts

Petitioner was arrested by the Clinton County Police Department on November 10, 2005, for an outstanding warrant in *State v. Charles Edward Lane, Jr.*, Case No. 07231AGCR050103,

Clinton County, Iowa. *Id*. at 56. On November 14, 2005, the Clinton County Court released Petitioner on bond. *Id*.

On January 24, 2006, a Criminal Complaint was filed in the United States District Court for the Southern District of Iowa stating Petitioner knowingly and intentionally conspired to distribute and possess with intent to distribute fifty (50) grams and more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841 and 846. On that same date, the United States District Court for the Southern District of Iowa issued an Arrest Warrant. *Id*. at 62. On January 31, 2006, Petitioner was arrested by the Drug Enforcement Administration ("DEA") and was turned over to the United States Marshals ("USM") on February 1, 2006, and detained.

On October 27, 2006, Petitioner was sentenced in the United States District Court for the Southern District of Iowa in case number 3:06-cr-502, consisting of a 262-month term of imprisonment for Conspiracy to Distribute Crack Cocaine in violation of Title 21 U.S.C. §§ 846 and 841. Petitioner was remanded to the custody of the USM after sentencing, to begin service of the sentence.

Petitioner received prior custody credit for time spent in custody of Clinton County, Iowa, from November 10, 2005, the date of his arrest for an outstanding warrant, to November 14, 2005, the date he was released on bond. *Id*. at 12. Petitioner received prior custody credit from January 31, 2006, the date he was arrested by DEA, to October 26, 2006, the day before his federal sentence was imposed. *Id*. Petitioner received a total of 274 days of prior custody credit. Based on Petitioner's sentencing date of October 27, 2006, and his 274-day prior custody credit, the BOP determined that the end of Petitioner's first year in prison was January 25, 2007. *Id*. at 6.

As of April 24, 2017, Petitioner had served eleven years, two months, and twenty-eight days and had no disallowance of Good Conduct Time ("GCT"). *Id*. at 12. Petitioner had served a full eleven years, earning him 594 days of GCT, or 54 days per year. Per the BOP's calculations, if Petitioner maintains good behavior, he is projected to earn 1027 days of GCT over the course of his confinement. *Id*. Specifically, on January 26, 2025, Petitioner will have served nineteen full years, and earned 1026 days of GCT (19 x 54), shortening his sentence by over two years. As of January 26, 2025, Petitioner will have eight days remaining on his sentence, earning him a prorated GCT of one day. Petitioner would therefore serve seven days in his final year, giving him a projected release date of February 2, 2025. *Id*. at 11.

## III. Discussion

### 1. Exhaustion

Generally, a federal prisoner must exhaust available administrative remedies before commencing a habeas corpus petition under 28 U.S.C. § 2241. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542. Respondent acknowledges that Petitioner has exhausted his administrative remedies with respect to the issues presented in his Petition. (Doc. 6, at 3.)

### 2. Standard of Review

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3).

### 3. Sentence Computation

Petitioner alleges that the BOP improperly calculated his federal sentence. Petitioner argues that: 1) he did not receive jail credit from November 15, 2005, to January 30, 2006; and

2) he only received 47 days GCT each year, instead of the required 54 days per year. (Doc. 7, at 2.)

### *a. Prior Custody Credit*

In accordance with statute, the BOP determines the date a federal sentence commences as the date in which "the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The earliest time a sentence can commence is the date of imposition of the federal sentence. *See Isles v. Chester*, Case No. 08-3028-RDR, 2009 WL 1010553, at *4 (D. Kan. April 15, 2009) (citing *DeMartino v. Thompson*, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) ("Logically, [a federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")). The BOP determined that Petitioner's federal sentence commenced on October 27, 2006, the date of imposition of his federal sentence.

Prior custody credit is provided for in Section 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Petitioner received prior custody credit for time spent in custody of Clinton County, Iowa, from November 10, 2005, the date of his arrest for an outstanding warrant, to November 14, 2005, the date he was released on bond (five days). Petitioner also received prior

4

custody credit from January 31, 2006, the date he was arrested by DEA, to October 26, 2006, the day before his federal sentence was imposed (269 days). Therefore, Petitioner received a total of 274 days of prior custody credit.

Petitioner argues that he should receive credit from November 15, 2005, to January 30, 2006, because he was in "federal custody" due to his federal arrest on November 15, 2005. (Doc. 7, at 1.) However, Petitioner was arrested by the DEA on his federal case on January 31, 2006. *See* Doc. 6–1, at 62 (Warrant for Arrest) and 64 (Individual Custody and Detention Report USM 129).

Petitioner was not granted presentence credit for November 15, 2005, to January 30, 2006, because he was not in official detention while on bond. "Because the words 'official detention' should bear the same meaning in subsections (a) and (b) of § 3585 . . . credit for time spent in 'official detention' under § 3685(b) is available only to those defendants who were detained in a 'penal or correctional facility,' § 3621(b), and who were subject to BOP's control." *Reno v. Koray*, 515 U.S. 50, 58, 63 (1995) (noting that a defendant who is "detained" is completely subject to BOP's control—they are subject to BOP's disciplinary procedures, subject to summary reassignment to any other penal or correctional facility within the system, and subject to BOP's full discretion to control many conditions of their confinement). "For the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." *United States v. Woods*, 888 F.2d 653, 655 (10th Cir. 1989) (holding that § 3585 does not entitle petitioner to credit for time spent at half-way while on bond). The BOP properly calculated Petitioner's prior custody credit.

### b. Good Conduct Time

"Federal sentencing law permits federal prison authorities to award prisoners credit against prison time as a reward for good behavior." *Barber v. Thomas*, 560 U.S. 474, 476 (2010). GCT is awarded in accordance with Section 3624(b), which provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b).

Petitioner argues that he has only received 47 days GCT each year, instead of the required 54 days per year. It appears as though Petitioner is calculating his entitlement to GCT based on the length of his original sentence of twenty-one years and ten month. However, the BOP has interpreted § 3624(b) to authorize it to award GCT only for time actually served rather than for the length of the sentence imposed. Program Statement 5880.28 provides that "[i]t is essential to learn that GCT <u>is not</u> awarded on the basis of the length of the sentence imposed, but rather on the number of days actually served." (Doc. 6–1, at 50).

The BOP's interpretation was upheld by the Supreme Court in *Barber v. Thomas*, 560 U.S. 474 (2010). The Supreme Court noted that the previous good time provision entitled a prisoner to a deduction from the term of his sentence beginning with the day on which the sentence commenced to run; and provided for a forfeiture if the prisoner committed an offense or violated rules of the institution. *Id*. at 481. In contrast, the current statute "creates a system under which 'credit' is 'earned' 'at the end of' the year based on an evaluation of behavior 'during that year.'" *Id*. The Supreme Court found that the current statute reveals "a purpose to

move from a system of prospective entitlement to a system of retrospective award." *Id.* The Supreme Court found that the BOP's method used to calculate GCT based on the time the prisoner actually served, rather than the length of the sentence imposed, is supported by the statute's language and furthers the statute's basic purpose. *Id.* at 480–82; *see also Wright v. Fed. Bureau of Prisons*, 451 F.3d 1231, 1234–35 (2006) (upholding BOP's interpretation and noting that the statute contemplates retrospective annual assessment of a prisoner's behavior and prisoners cannot *earn* good time credits for time they are not in prison). The BOP properly calculated Petitioner's projected GCT.

**IT IS THEREFORE ORDERED BY THE COURT** that this petition for writ of habeas corpus is **denied**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 23rd day of June, 2017.**

s/ John W. Lungstrum  
**JOHN W. LUNGSTRUM**  
**UNITED STATES DISTRICT JUDGE**